THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| B&B REALTY COMPANY, | : |
| Plaintiff, | : |
| v. | : 3:21-CV-1207 |
| | : (JUDGE MARIANI) |
| MCDONALD'S CORPORATION, | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Plaintiff's Motion to Remand (Doc. 7) the above-captioned action to the Court of Common Pleas of Lackawanna County which the Defendant removed on July 9, 2021 (*see* Doc. 1). For the reasons that follow, the Court will deny Plaintiff's Motion.

### II. PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

On May 28, 2021, Plaintiff B&B Realty Company (hereinafter "B&B") filed the above-captioned action against McDonald's USA, LLC (hereinafter "McDonald's")[1] in the Court of Common Pleas of Lackawanna County. (Doc. 1-2). Plaintiff's Complaint alleges a single count for "Declaratory Judgment – Quiet Title" which seeks to quiet the title to real property located in the Township of Covington, Lackawanna County, Pennsylvania.

---

[1] In November, 2021, the parties stipulated that "McDonald's USA, LLC" be removed as the named defendant in this action and that "McDonald's Corporation" be substituted in its place. (*See* Doc. 13).

On July 9, 2021, Defendant removed this action to federal court on the basis of diversity jurisdiction. (Doc. 1). Plaintiff filed a Motion to Remand (Doc. 7) and supporting brief (Doc. 9), to which Defendant filed a brief in opposition (Doc. 11). Plaintiff's motion has been fully briefed and the motion is ripe for disposition.

Plaintiff, B&B, is a Pennsylvania partnership existing under the laws of the Commonwealth of Pennsylvania and Defendant, McDonald's, is a Delaware corporation. (Compl., at ¶¶ 1, 2).

B&B is the owner in fee of all lots or parcels of land, together with all buildings and improvements thereon erected, which are described in a deed dated February 21, 2019 and recorded on March 1, 2019, in the Lackawanna County Recorder of Deeds Office at Lackawanna County Recorder of Deeds (the "Property"). (Compl., at ¶ 4).

B&B's Property is improved with a one-story, commercial building as well as an Outdoor Advertising Device. The building is approximately 2,250 square feet of space and equipped with a HVAC unit, a gas fired hot water tank, a walk-in cooler, a walk-in freezer, an intercom system, and electronic and plumbing components suited for a fast-food restaurant operation. (*Id.* at ¶ 5). The Building was originally designed and established to serve as a fast-food restaurant and the Property is unique in that it was strictly developed as a commercial operation for fast-food. B&B's proposed format and organization of the buildings anticipate the intended use of the buildings located on the Property. (*Id.* at ¶¶ 14, 17).

From February 1996 to approximately December 2018, the Building was used by McDonald's as a McDonald's fast-food restaurant. (*Id.* at ¶ 6). B&B acquired title to the Property from McDonald's, by way of a Deed and the fee title to the Property is now owned by B&B. (*Id.* at ¶¶ 9, 10). The Deed conveying the Property to B&B from McDonald's contains the following restriction ("Restriction"):

> The Premises will not be leased, used or occupied as a restaurant or for food service purposes (which includes any type of food or drink), drive-in, drive-thru or walk-up eating/drinking facility (including without limitation a kiosk, stand, booth, or area located inside another business facility) for a period of 10 years from the date of this deed. This restriction will be a covenant running with the land and be binding upon Grantee, its heirs, administrators, successors and assigns.

(Compl., at ¶ 11; *id.* at Ex. A, p. 2).

B&B intends to use or lease the Property for the purposes of operating a restaurant establishment, however, based upon the Restriction in the Deed, it is unable to do so. (Compl., at ¶¶ 12, 13).

### III. ANALYSIS

Pursuant to 28 U.S.C. § 1332,

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . .

28 U.S.C. § 1332(a)(1). Here, B&B does not dispute that the parties are citizens of different states. (Doc. 9, at 7). Instead, Plaintiff argues that the amount in controversy set forth in the

3

Complaint does not exceed $75,000 and therefore that the action must be remanded to the Court of Common Pleas of Lackawanna County.

"Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. Jevic,* 575 F.3d 322, 326 (3d Cir. 2009) (citing *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir. 1992)). *See also, Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 219 (3d Cir. 2005) ("The statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal."). "It is now settled in this Court that the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot,* 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392 (3d Cir. 2004)).

> If a plaintiff contests the defendant's amount-in-controversy allegation,
>
> [28 U.S.C. ] § 1446(c)(2)(B) instructs: "[R]emoval ... is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. This provision, added to § 1446 as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (JVCA), clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged. In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.

*Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 88 (2014).

The rule for determining whether a case involves the requisite jurisdictional amount is "whether 'from the face of the pleadings, it is apparent, to a legal certainty, that the

4

plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount.'" *Samuel-Bassett*, 357 F.3d at 397 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). "The Supreme Court has long held that plaintiffs may limit their claims to avoid federal subject matter jurisdiction." *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006) (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 294). Nonetheless, "where the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum . . . the case must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Frederico*, 507 F.3d at 197 (emphasis in original). Where a complaint "does not limit its request for damages to a precise monetary amount," the court must make "an independent appraisal of the value of the claim." *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

In determining the amount in controversy, a district court must look to "the plaintiff's complaint at the time the petition for removal was filed." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (internal citations and quotation marks omitted), *abrogated on other grounds by Earl v. NVR, Inc.*, 990 F.3d 310 (3d Cir. 2021); *see also, Angus,* 989 F.2d at 145 ("The general federal rule is to decide the amount in controversy from the complaint itself."). In determining whether the claim has met the amount in controversy requirement, "estimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the

policy to limit diversity jurisdiction will be frustrated." *Samuel-Bassett*, 357 F.3d at 403. "The court must measure the amount not by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Werwinski*, 286 F.3d at 666 (internal citations and punctuation marks omitted).

"Where the plaintiff in a diversity action seeks injunctive or declaratory relief, the amount in controversy is often not readily determinable. Under those circumstances, the amount in controversy is determined by the value of the object of the litigation." *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F3d 538, 541 (3d Cir. 1995) (internal quotation marks omitted). *See also, In re Corestates Tr. Fee Litig.*, 39 F.3d 61, 65 (3d Cir. 1994) ("In injunctive actions, it is settled that the amount in controversy is measured by the value of the right sought to be protected by the equitable relief.").

Here, B&B's Complaint does not aver a specific amount in controversy. B&B pleads that it "intends to use or lease the Property for the purposes of operating a restaurant establishment" but that due to the Restriction, "B&B is unable to use the Property as intended." (Compl., at ¶¶ 12, 13). The Complaint is limited to a request for declaratory relief as follows:

a. declaring that the Restriction is unenforceable and that the Plaintiff, B&B Realty Company, may legally construct, maintain, develop, and/or operate a restaurant on the Property;

b. declaring that the Property is, and for all times will continue to be, not subject to the Restriction as set forth within this Complaint, or any other restrictions or covenants consistent therewith contemplated by the Deeds in the chain of title to the Property, as

existing or from time to time amended, or any other restriction imposed or imposable by the Defendant, McDonald's USA, LLC;

c. ordering and granting any and all such other relief as this Honorable Court deems just and appropriate under the circumstances.

(Compl., at 12-13).

In removing this action to federal court, McDonald's attached the "Declaration of Nancy Dittmeier" (Doc. 1-3) to its Notice of Removal in support of its assertion that the amount in controversy exceeds $75,000. Ms. Dittmeier is an "Excess Property Supervisor for the Restaurant Development division" of McDonald's USA, LLC. (*Id.* at ¶ 1). Ms. Dittmeier declares that she is "personally familiar with [the property at issue] as it was previously the site of a McDonald's restaurant location" and that she is "also familiar with a number of other ground lease site for other McDonald's restaurant locations in the same area as the subject property." (*Id.* at ¶ 5). Based on her "personal knowledge of the monthly rent for ground lease sites associated with quick service restaurants in the NE Pennsylvania area, as well as the location and size of the property owned by Plaintiff", Ms. Dittmeier states that the "property in question would conservatively rent for at least $1,000 per month (if not significantly higher)." (*Id.* at ¶ 6).

In turn, Plaintiff has submitted no evidence in support of its assertion that the amount in controversy is less than $75,000. Instead, Plaintiff merely argues that the Court should assign "no weight or credibility to [Ms. Dittmeier's] Declaration" and offers a myriad of unpersuasive reasons in support of this assertion. (*See* Doc. 9, at 8, 9-12). Nonetheless,

7

although the Court agrees that Ms. Dittmeier's Declaration lacks any significant specificity, she has set forth sufficient facts to demonstrate, by a preponderance of the evidence, that the jurisdictional requirement is met in this case. This is particularly true where Plaintiff has failed to present *any* evidence to rebut Defendant's offered proof. Here, Ms. Dittmeier states that she is personally familiar with the specific property at issue. She further has personal knowledge of monthly rent for ground lease sites associated with quick service restaurants in the Northeast Pennsylvania area and therefore estimates that based on this information, coupled with her knowledge of the location and size of the property owned by Plaintiff, that the property at issue would conservatively lease for approximately $1,000/month. The Court is presented with no reason to disbelieve Ms. Dittmeier's claims of personal knowledge as to the property at issue, the surrounding properties, and the rental value of this property and similar properties in Northeastern Pennsylvania.

Ms. Dittmeier's statements are even more relevant and persuasive where B&B's Complaint specifically asserts that the "original purpose" of the building was to serve as a fast-food restaurant, that the "highest and best commercial use of the Property is as a restaurant establishment", and that "B&B intends to use or lease the Property for the purposes of operating a restaurant establishment". (Compl., at ¶¶ 8, 12, 14). Thus, where Plaintiff has clearly pled that it intends to use the Property as a fast-food or restaurant

establishment, Ms. Dittmeier's estimates of the value of the property when it is used in this manner are both highly relevant and completely uncontroverted by Plaintiff.[2]

In determining the value of Plaintiff's claim, it is apparent that Ms. Dittmeier's estimates are realistic, and neither fanciful nor "pie-in-the-sky" evaluations of the value of the property. Basic common-sense dictates that a monthly lease of $1,000/month for a property and building thereon, whose "original purpose" was to serve as a fast-food restaurant and whose "highest and best commercial use . . . is as a restaurant establishment", is a reasonable and conservative estimate and is based on a reasonable reading of the Complaint and the value of the rights being litigated.

In this case, despite the fact that B&B's Complaint is limited to a request for declaratory relief, the financial value of the declaratory relief sought by Plaintiff is susceptible to calculation. The allegations set forth in the Complaint, as well as the evidence presented by Defendant, provide a clear basis for a determination that the value of the object of the litigation, and thus the amount of controversy which emanates from the request for declaratory relief, is in excess of $75,000. The Court similarly concludes that it

---

[2] The Court notes that, attached to McDonald's brief in opposition to the motion to remand, Defendant's attorney Nipun J. Patel submitted his own Declaration (Doc. 11-1). The Declaration includes "a true and correct copy of the results" of Attorney Patel's search on www.LoopNet.com of "public listings for available commercial restaurant leases in Lackawanna County, Pennsylvania." Pursuant to these attached public listings, Attorney Patel submits that the range of rental values for commercial restaurant space for the remaining time period covered by the restrictive covenant at issue in this litigation is approximately $178,200.00 to $295,312.50. (*Id.*). Although the Court only assigns limited value to this Declaration, and the attachments thereto, it further supports a finding that the amount in controversy exceeds the jurisdictional requirements.

appears to a legal certainty that the plaintiff can recover the requisite jurisdictional amount. Specifically, conservatively accepting that the Property would lease for $1,000/month, over the course of approximately 90 months (July 9, 2021 through February 19, 2029), the object of the litigation is, at minimum $90,000.

Therefore, upon review of the Complaint, Ms. Dittmeier's Declaration, and the parties' briefs and arguments therein, the Court finds that amount in controversy exceeds $75,000 and will thus deny Plaintiff's motion to remand.

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's Motion to Remand (Doc. 7) will be denied. A separate Order follows.

Robert D. Mariani
United States District Judge