# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| B&B REALTY COMPANY, | : |
| Plaintiff, | : |
| | : 3:21-CV-1207 |
| v. | : (JUDGE MARIANI) |
| MCDONALD'S CORPORATION, | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

On May 28, 2021, Plaintiff B&B Realty Company (hereinafter "B&B") filed the above-captioned action against McDonald's USA, LLC (hereinafter "McDonald's)[1] in the Court of Common Pleas of Lackawanna County. (Doc. 1-2). Plaintiff's Complaint alleges a single count for "Declaratory Judgment – Quiet Title" which seeks to quiet the title to real property located in the Township of Covington, Lackawanna County, Pennsylvania.

On July 9, 2021, McDonald's removed this action to federal court on the basis of diversity jurisdiction. (Doc. 1). Defendant thereafter filed a Motion to Dismiss (Doc. 6) and accompanying brief (Doc. 8), to which Plaintiff filed a brief in opposition (Doc. 10) and Defendant filed a Reply brief (Doc. 12).

---

[1] In November, 2021, the parties stipulated that "McDonald's USA, LLC" be removed as the named defendant in this action and that "McDonald's Corporation" be substituted in its place. (See Doc. 13).

McDonald's motion has been fully briefed and the motion is ripe for disposition. For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss (Doc. 6).

## II. FACTUAL ALLEGATIONS

Plaintiff B&B's Complaint (Doc. 1-1) alleges the following facts which, for the purposes of resolving Defendant's Motion to Dismiss, the Court takes as true:

Plaintiff, B&B, is a Pennsylvania partnership existing under the laws of the Commonwealth of Pennsylvania and Defendant, McDonald's, is a Delaware corporation. (Compl., at ¶¶ 1, 2).

B&B is the owner in fee of all lots or parcels of land, together with all buildings and improvements thereon erected, which are described in a deed dated February 21, 2019 and recorded on March 1, 2019, in the Lackawanna County Recorder of Deeds Office at Lackawanna County Recorder of Deeds (the "Property"). (Compl., at ¶ 4).

B&B's Property is improved with a one-story, commercial building as well as an Outdoor Advertising Device. The building is approximately 2,250 square feet of space and equipped with a HVAC unit, a gas fired hot water tank, a walk-in cooler, a walk-in freezer, an intercom system, and electronic and plumbing components suited for a fast-food restaurant operation. (*Id.* at ¶ 5). The Building was originally designed and established to serve as a fast-food restaurant and the Property is unique in that it was strictly developed as a commercial operation for fast-food. B&B's proposed format and organization of the

buildings anticipate the intended use of the buildings located on the Property. (*Id.* at ¶¶ 14, 17).

From February 1996 to approximately December 2018, the Building was used by McDonald's as a McDonald's fast-food restaurant. (*Id.* at ¶ 6). B&B acquired title to the Property from McDonald's, by way of a Deed and the fee title to the Property is now owned by B&B. (*Id.* at ¶¶ 9, 10). The Deed conveying the Property to B&B from McDonald's contains the following restriction ("Restriction"):

> The Premises will not be leased, used or occupied as a restaurant or for food service purposes (which includes any type of food or drink), drive-in, drive-thru or walk-up eating/drinking facility (including without limitation a kiosk, stand, booth, or area located inside another business facility) for a period of 10 years from the date of this deed. This restriction will be a covenant running with the land and be binding upon Grantee, its heirs, administrators, successors and assigns.

(Compl., at ¶ 11; *id.* at Ex. A, p. 2).

B&B intends to use or lease the Property for the purposes of operating a restaurant establishment, however, based upon the Restriction in the Deed, it is unable to do so. (Compl., at ¶¶ 12, 13).

B&B's Complaint asserts that the Restriction is unenforceable for the following reasons:

a. the sole purpose of the Restriction is to create and preserve a strict economic benefit for the Defendant, which is unenforceable under Pennsylvania law;

b. the Restriction has absolutely no value to the Defendant, McDonald's USA, at present;

    c. the reasons and original motives for the Restriction no longer exist;

    d. the Restriction does not make the use or enjoyment of the Property more satisfactory to one's physical senses;

    e. the use sought to be restricted through the Restriction does not affect the Property;

    f. the Restriction does not touch or concern the Property;

    g. the Restriction has only commercial or pecuniary value and is plainly designed solely to confer economic benefit upon the Defendant, McDonald's USA (i.e. eliminating competition in the market place);

    h. the Restriction is overly burdensome under Pennsylvania law;

    i. the Restriction is ambiguous in that it utilizes vague, unclear, indefinite, and/or undefined terms;

    j. the Restriction is of a nature which purports to regulate, assess, and limit the type of business that may be conducted upon the Property; and

    k. the conditions in the neighborhood have changed to such an extent that the Restriction has become useless, absurd, futile, or ineffective to achieve the desired end.

(Compl., at ¶ 16).

### III. STANDARD OF REVIEW

A complaint must be dismissed under Federal Rule Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, alterations, and quotations marks omitted). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Offs.*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citation, alteration, and quotation marks omitted). Thus, "the presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.* Additionally, because a "court reviewing a motion to dismiss must examine the plausibility of allegations in the complaint[, f]actual claims and assertions raised by a defendant are not part of that scrutiny." *Doe v. Princeton Univ.*, 30 F.4th 335, 344-345 (3d Cir. 2022).

"Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal*, 556 U.S. at 678). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 786-787 (quoting *Iqbal*, 556 U.S. at 679).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, an exception to this general rule exists where a "document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Id.* (internal quotation marks and brackets omitted) (emphasis in original). Nonetheless, consideration of these documents "only goes so far [and w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

Even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment

6

would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

### IV. ANALYSIS

Defendant McDonald's moves to dismiss Plaintiff's Complaint on the basis that it fails to state a claim to declare the Restrictive Covenant void. (Doc. 8, at 4-9).

As defined by the Pennsylvania Supreme Court, a restrictive covenant is "'[a] private agreement, [usually] in a deed or lease, that restricts the use or occupancy of real property, [especially] by specifying lot sizes, building lines, architectural styles, and the uses to which the property may be put.'" *Vernon Twp. Volunteer Fire Dept., Inc., v. Connor*, 855 A.2d 873, 875 n.2 (Pa. 2004) (quoting Black's Law Dictionary 371 (7th ed. 1999)). Because these restrictive covenants on the use of land interfere with an owner's free use and enjoyment of real property, they are generally not favored by the law. *Id.* at 879 (citing *Mishkin v. Temple Beth El of Lancaster,* 239 A.2d 800, 803 (1968)). Land use restrictions are therefore to be strictly construed and "'nothing will be deemed a violation of such a restriction that is not in plain disregard of its express words. . . '" *Id.* (quoting *Jones v. Park Lane for Convalescents, Inc.,* 120 A.2d 535, 537 (Pa. 1956)). Nonetheless, although disfavored, restrictions on an owner's free use and enjoyment of real property are legally enforceable. *Id.*

When a restrictive covenant is unambiguous, a Court's review is limited to the confines of the covenant. However, when one or more ambiguity exists, every doubt and

ambiguity in the restrictive covenant's language should be resolved in favor of the person seeking to have the restrictive covenant deemed unenforceable. *Pocono Summit Realty, LLC v. Ahmad Amer, LLC*, 52 A.3d 261, 269 (Pa. Super. Ct. 2012).

Further, in order to discharge a restrictive covenant:

> . . . the burden of proof is on the [person seeking to discharge the covenant] to show that the original purpose of the restriction has been materially altered or destroyed by changed conditions, and that a substantial benefit no longer extends to [the other party] by enforcement of the restriction. As a general rule, a restrictive covenant may be discharged if there has been acquiescence in its breach by others, or an abandonment of the restriction. In addition, changes in the character of a neighborhood may result in the discharge of a restrictive covenant. Where changed or altered conditions in a neighborhood render the strict adherence to the terms of a restrictive covenant useless to the dominant lots, we will refrain from enforcing such restrictions. This is based on the general rule that land shall not be burdened with permanent or long-continued restrictions which have ceased to be of any advantage.

*Vernon*, 855 A.2d at 880 (internal citations and quotation marks omitted). *See also, Franklin Mills Assocs., L.P. v. Nationwide Life Ins. Co.*, 836 F. Supp. 2d 238, 248 (E.D. Pa. 2011) (collecting cases).

Upon review of B&B's Complaint, the Court agrees with McDonald's that Plaintiff has failed to adequately state a claim upon which relief can be granted.

Preliminarily, Plaintiff's Complaint pleads that "the Restriction is ambiguous in that it utilizes vague, unclear, indefinite, and/or undefined terms" (*see* Compl., ¶ 16(j)). This assertion is entirely unsupported by any other allegations in the Complaint, and Plaintiff's brief in opposition to the motion to dismiss does not address any purported ambiguities or point to any language in the Restrictive Covenant which could even arguably be ambiguous.

8

This vague and passing allegation as to the ambiguity of the Restrictive Covenant is grossly insufficient to properly plead the presence of any purported ambiguity. In addition to failing to properly plead that the covenant is ambiguous, the Court notes that Plaintiff has also not alleged that the Restrictive Covenant is the result of fraud or deceit, or otherwise not the subject of an ordinary arms-length transaction, or set forth any other allegations which may form a basis to invalidate the parties' agreement.

Plaintiff's Complaint relies on allegations that the Restrictive Covenant is unenforceable due to a number of alternative reasons, including:

1. the sole purpose of the Restriction is to create and preserve a strict economic benefit for the Defendant, which is unenforceable under Pennsylvania law;

2. the Restriction has absolutely no value to the Defendant, McDonald's USA, at present;

3. the reasons and original motives for the Restriction no longer exist;

4. the Restriction does not make the use or enjoyment of the Property more satisfactory to one's physical senses;

5. the use sought to be restricted through the Restriction does not affect the Property;

6. the Restriction does not touch or concern the Property;

7. the Restriction has only commercial or pecuniary value and is plainly designed solely to confer economic benefit upon the Defendant, McDonald's USA (i.e. eliminating competition in the market place);

8. the Restriction is overly burdensome under Pennsylvania law;

9. the Restriction is of a nature which purports to regulate, assess, and limit the type of business that may be conducted upon the Property; and

10. the conditions in the neighborhood have changed to such an extent that the Restriction has become useless, absurd, futile, or ineffective to achieve the desired end.

(Compl., at ¶ 16).

The allegations set forth above consist of nothing more than boiler plate language intended to parrot any possible reason under Pennsylvania case law which could permit a Court to discharge or void a restrictive covenant. B&B's Complaint provides no well-pleaded factual allegations to support any of its assertions. For example, Plaintiff primarily appears to rely on changed circumstances in support of its position. The Complaint repeatedly alleges that the "passage of time" has resulted in conditions in the neighborhood being "altered significantly" and that the "social and demographic conditions of the neighborhood" are now "changed and altered" (*see e.g.*, Compl., at ¶¶ 17, 18, 21, 22, 27, 28, 29, 30, 34). However, B&B fails to allege any facts to support these claims, including any factual allegations setting forth how the neighborhood or social and demographic conditions have changed, the reason for the changes, or how the conditions of the neighborhood have been significantly changed in the two-year period between when B&B acquired the Property from McDonald's in February, 2019, and filed the instant lawsuit in state court in May of 2021. Plaintiff's other asserted bases for finding the Restrictive Covenant to be unenforceable are even less supported and consist entirely of legal and conclusory statements without any factual support.

In sum, even taking as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, B&B's Complaint fails to set forth sufficient factual allegations to raise a plausible claim that the Restrictive Covenant at issue in this case is ambiguous in one or more ways or that the Restrictive Covenant should be discharged or deemed unenforceable because (1) the original purpose of the restriction has been materially altered or destroyed by changed conditions and a substantial benefit no longer extends to McDonald's by enforcement of the restriction, (2) there has been acquiescence in its breach by others, or an abandonment of the restriction, or (3) that there have been changes in the character of a neighborhood which render the strict adherence to the terms of a restrictive covenant useless to the dominant lots, *see Vernon*, 855 A.2d at 880. Plaintiff B&B's Complaint will therefore be dismissed.

Nonetheless, the Court will permit Plaintiff an opportunity to amend. Although the Court is skeptical that B&B can adequately plead a cause of action in light of the factual allegations currently known to it and the applicable operative law, the Court cannot, as a matter of law, determine that amendment to the Complaint would be inequitable or futile.

## V. CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court will grant Defendant's Motion to Dismiss (Doc. 6) and dismiss the Complaint without prejudice to Plaintiff amending the complaint to correct the deficiencies identified by the Court in this Opinion. A separate Order follows.

Robert D. Mariani
United States District Court Judge